# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ESTATE OF DIANE M. RADER,
and LARRY W. RADER,

                Plaintiff,

v.                                                   Case No. 06-C-1325

WALGREEN CO., a/k/a WALGREENS
and WALGREEN COMPANY,

                Defendants.

# DECISION AND ORDER

The plaintiffs, Larry Rader and the Estate of Diane Rader, filed this action against Walgreen Company, a/k/a Walgreens ("Walgreens"). Specifically, the plaintiffs allege that Walgreens dispensed a prescription drug to Diane Rader that caused her death. Walgreens filed a motion to dismiss for improper venue, and in the alternative, a motion to transfer this action to the Western District of Wisconsin.

## BACKGROUND

Larry Rader resides in Wausau, Wisconsin, which is in Marathon County. (Compl. ¶ 1.) In addition, Larry Rader was appointed the personal representative of Diane Rader's estate by the Marathon County Wisconsin Circuit Court. (*Id.*) The defendant, Walgreens,

1

is an Illinois corporation with its principal place of business in Illinois. (*Id*. at ¶ 2.) Walgreens sells a variety of merchandise and pharmaceutical products throughout the state of Wisconsin, including the areas of Milwaukee, Wisconsin, and Green Bay, Wisconsin. (*Id*.)

According to the complaint, a Walgreens employee in Wausau, Wisconsin, dispensed a sulfa medication to Diane Rader, which allegedly caused her death because she was allergic to sulfa. (*Id*. at ¶¶ 3, 11.) According to Larry Rader, Diane Rader was treated by Dr. James Cygan, Dr. Barry Passine, and Dr. William Bowler at Aspirus Wausau Hospital in Wausau, Wisconsin. (Rader Aff. ¶¶ 2-3, 5.) She also underwent further treatment at Aspirus Wausau Hospital Center with Dr. Steven Weiland, who drafted her hospital discharge summary in Wausau. (*Id*. at ¶ 7.) Dr. Gregory Weisel, who works at Wausau Hospital, issued the death certificate for Diane Rader. (*Id*. at ¶ 2.)

When his wife was receiving treatment in Wausau for her serious medical condition that eventually led to her death, Larry Rader wrote a letter on March 2, 2006, to the Walgreens regional offices in Green Bay, Wisconsin, and Madison, Wisconsin, to inquire into the safety procedures and training of Walgreens's pharmacists. (Compl. ¶ 12.) The regional offices in Green Bay and in Madison never responded to his inquiries. (*Id*.)

**DISCUSSION**

For purposes of a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, the Court must take all allegations in the complaint as

2

true, and resolve "all factual [disputes] and draw all reasonable inferences in the plaintiff's favor." *Interlease Aviation Investors v. Vanguard Airlines, Inc.*, 262 F.Supp.2d 898, 913 (N.D. Ill. 2003). Walgreens did not submit an affidavit in support of its motion, so the Court will accept as true the plaintiffs' allegations in their complaint and affidavit.

The plaintiffs base jurisdiction solely on the diversity of the parties, so venue is determined in accordance with the requirements of 28 U.S.C. § 1391(a). Section 1391(a) provides that venue is proper in diversity actions only in (1) a judicial district "where any defendant resides," (2) a judicial district where "a substantial part of the events giving rise to the claim occurred," or (3) a judicial district in which "any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Section 1391(c) further provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Walgreens does not dispute that this Court has personal jurisdiction over it, nor can it. Walgreens has purposely established the requisite minimum contacts in Wisconsin by conducting business extensively throughout the state. (Compl. ¶ 2.) Thus, pursuant to section 1391(c), Walgreens resides in this district for purposes of venue, and the motion to dismiss for improper venue must be denied.

Alternatively, Walgreens requests that the Court transfer this action to the Western District of Wisconsin, pursuant to 28 U.S.C. §1404(a). Section 1404(a) provides that "[f]or

3

the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no dispute that this action could have been brought in the Western District of Wisconsin, so the Court must only consider which district would be more convenient for the parties and witnesses, in the interest of justice. That decision is "committed to the broad discretion of the district court." *L.B. Sales Corp. v. Dial Mfg., Inc.*, 593 F.Supp. 290, 295 (E.D. Wis. 1984).

It is quite clear that the Western District of Wisconsin is the more convenient forum. First, Larry Rader resides in Marathon County, which is in the Western District of Wisconsin. Second, all of the relevant events, including the dispensing of the sulfa medication to Diane Rader and the subsequent medical treatment that she received, occurred in Marathon County as well. Larry Rader's own affidavit affirms that the doctors who treated Diane Rader, all of whom are potential witnesses, work in Marathon County. In fact, the only potential contact in this forum is that Larry Rader sent a letter to Walgreens's regional office in Green Bay, Wisconsin, inquiring about Walgreens's safety procedures and training of its pharmacists. Yet, no one from the Green Bay office responded to his letter, so it is not clear which witness in Green Bay the parties may need to testify. Furthermore, he also sent the same letter to the regional office in Madison, Wisconsin, which is also in the Western District of Wisconsin.

4

Because nearly all of the potential witnesses, including the plaintiff himself, reside in the Western District of Wisconsin, the Court will transfer this action to that more convenient forum.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Walgreen's "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(3), or in the alternative, to Change Venue Pursuant to 28 U.S.C. § 1404(a)" (Docket No. 7) is **DENIED**, in part, and **GRANTED**, in part. This action shall not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, but the action is **TRANSFERRED** to the Western District of Wisconsin for further proceedings.

Dated at Milwaukee, Wisconsin this 8th day of February, 2007.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**